UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| BLAIN JOSEPH SLAYTON | NO. 21-00092-BAJ-RLB |

RULING AND ORDER

Before the Court is Defendant Blain Joseph Slayton's **Motion to Suppress Evidence (Doc. 224).** Co-Defendant Rokedrick Tyrell Williby has adopted Defendant's Motion. (Doc. 232). The United States opposes the Defendant's Motion. (Doc. 235). For the reasons that follow, the Motion is denied.

I.  BACKGROUND

This case was initiated in early 2021 when DEA agents with the New Orleans Field Division began investigating the methamphetamine trafficking of Co-Defendant Malcolm Oliver. During the investigation, agents learned that Oliver resided in Iberville Parish and mainly operated in the Middle District of Louisiana. Based on the investigation, agents obtained court authorization to intercept communications over three telephones, two used by Oliver and one used by Co-Defendant Reshide Wooden. (*See* Doc. 235 at p. 1).

On September 27, 2021, the Government obtained a Court order authorizing the interception of wire and electronic communications over the device assigned telephone number 985-300-4824 ("**TARGET TELEPHONE 1**"), a telephone used by

1

Oliver. *See id.*

On October 28, 2021, the Government obtained a Court order authorizing the continued interception of communications over **TARGET TELEPHONE 1** and the initial interception of the device assigned telephone number 225-323-7759 ("**TARGET TELEPHONE 2**"), which was the second phone believed to be used by Oliver. (*See* Doc. 235 at p. 2).

Based on interceptions over **TARGET TELEPHONE 1**, on November 16, 2021, the Government obtained a Court order authorizing the interception of wire and electronic communications over the device assigned telephone number 225-323-3204 ("**TARGET TELEPHONE 3**"), a phone initially believed to be used by Terrance Tillman but actually used all along by Wooden. (Doc. 240-2). On December 1, 2021, in its progress report to the Court, the Government revealed the identity of the true user of the target telephone. (*See* Doc. 240-3 at p. 2). At no time was the Government instructed to cease interceptions of **TARGET TELEPHONE 3**. Defendant was only intercepted over **TARGET TELEPHONE 3** in communications with Wooden. (*See* Doc. 235 at p. 2). Those intercepted calls, in part, form the basis of the conspiracy charge against Defendant. *See id.*

Defendant moves to suppress evidence derived from **TARGET TELEPHONE 3**[1] on the basis that once the Government realized it had misidentified the phone's user, it should have ceased the interceptions and sought a new authorization order to intercept communications between Wooden and Defendant. (*See* Doc. 224-1 at p. 8).

---

[1] During the January 10, 2023 hearing, Defendant conceded on the record that he has no standing to challenge **TARGET TELEPHONES 1 and 2.**

2

The Government argues that the misidentification did not invalidate the Court's authorization because federal law does not limit the use of wiretap evidence against only the persons identified in the Court's order. (*See* Doc. 235 at p. 7).

## II. LEGAL STANDARD

"Generally, on a motion to suppress, the defendant has the burden of proving by a preponderance of the evidence, that the evidence in question was obtained in violation of her constitutional rights." *United States v. Guerrero-Barajas*, 240 F.3d 428, 432 (5th Cir. 2001). Moreover, the defendant bears the "initial, unshiftable burden of alleging and proving some fact sufficient to make a prima facie showing of illegality." *United States v. de la Fuente*, 548 F.2d 528, 534 (5th Cir. 1977).

## III. DISCUSSION

Title III of the Omnibus Crime Control and Safe Streets Act of 1968 governs the interception of wire communications. *See* 18 U.S.C. §§ 2510 to 2520. It has twin purposes: "'(1) protecting the privacy of wire and oral communications, and (2) delineating on a uniform basis the circumstances and conditions under which the interception for wire and oral communications may be authorized.'" *Gelbard v. United States*, 408 U.S. 41, 48 (1972) (*citing* S. REP. NO. 90-1097, at 66 (1968)). The Act features a general prohibition of interception of certain communications unless delineated steps have been taken, including court authorization. *See* 18 U.S.C. § 2511.

A wiretap order authorizes interception of communications, not necessarily persons. Among other things, each application for a wiretap must include:

> (b) a full and complete statement of the facts and circumstances relied upon by the applicant, to justify his belief that an order should be issued,

3

including (i) details as to the particular offense that has been, is being, or is about to be committed, (ii) . . . a particular description of the nature and location of the facilities from which or the place where the communication is to be intercepted, (iii) a particular description of the type of communications sought to be intercepted, (iv) the identity of the person, *if known*, committing the offense and whose communications are to be intercepted...

18 U.S.C. § 2518(1)(b) (emphasis added). *See also* 18 U.S.C. § 2518(4)(a) ("Each order authorizing or approving the interception of any wire, oral, or electronic communication under this chapter shall specify the identity of the person, *if known*, whose communications are to be intercepted.") (emphasis added).

In addition to the principal target, if known, the Government should identify in its application all individuals who it has probable cause to believe are engaged in the activity or who may be intercepted. *See United States v. Donovan*, 429 U.S. 413, 424-25, 428 (1977).

However, the Act does not require the Government to list in its application the identity of each person whose communications are ultimately intercepted in the wiretap. *See United States v. Kahn*, 415 U.S. 143, 152 (1974) ("Since it is undisputed here that Minnie Kahn was not known to the Government to be engaging in gambling activities at the time the interception order was sought, the failure to include her name in the application would thus seem to comport with the literal language of § 2518(1)(b)(iv)."). The Act merely requires the Government and the Court to list the identity of the person, *if known*, whose communications are to be intercepted. *See* 18 U.S.C. §§ 2518(1)(b)(iv), (4)(a). *See also Kahn*, 415 U.S. at 152.

Here, federal law did not limit the interception of **TARGET TELEPHONE 3** to the communications of the persons specifically listed in the Court's order. To

4

invalidate the authorization on the grounds that the Government was required to seek additional authorization before intercepting communications between Wooden and himself, Defendant must offer evidence that the Government either knew their identities, had probable cause to believe they was engaged in the offense, or otherwise believed their communications would be intercepted, *prior to* its wiretap application, and that the Government failed to include them in its application. Defendant failed to offer such evidence in his Motion or during the hearing.

But even if he offered such evidence, under *United States v. Donovan*, "the mere failure to name additional [defendants] or to list [a defendant] as an individual overheard on the wiretaps does not [automatically] necessitate suppression under 18 U.S.C. § 2518(10)(a)(i)." *United States v. Rodrigues*, 850 F. 3d 1, 7–8 (1st Cir. 2017) (*citing Donovan*, 429 U.S. at 439). Instead, the Defendant must also show that he was prejudiced by the omission of his name from the application or that the Government acted in bad faith in failing to name him. *See de la Fuente*, 548 F.2d at 538 (5th Cir. 1977).

Defendant conceded on the record that he had no evidence he was prejudiced by the omission, or that the Government's agents acted in bad faith. Absent such a showing, the evidence from **TARGET TELEPHONE 3** cannot be suppressed.

Furthermore, on its face, the fact that agents were incorrect about the identity of the **TARGET TELEPHONE 3** user does not invalidate the Court's order granting the wiretap. To warrant suppression, Defendant must show that the Government intentionally or recklessly misidentified Tillman as **TARGET TELEPHONE 3**'s

5

user. *See United States v. Franks,* 438 U.S. 154, 170 (1978) ("There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof…[a]llegations of negligence or innocent mistake are insufficient.").

Defendant must also prove that any such misidentification was material to the affidavit supporting the warrant such that without it, the remaining affidavit fails to provide probable cause. *See United States v. Tomblin,* 46 F.3d 1369, 1377 (5th Cir. 1995) ("If the defendant successfully makes [a] showing of [deliberate falsehood or reckless disregard], and if the defect in the affidavit is material, the evidence obtained pursuant to the faulty affidavit is inadmissible."). Because Defendant failed to satisfy this burden, suppression is not warranted.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Suppress (Doc. 224)** is **DENIED**.

Baton Rouge, Louisiana, this 18th day of January, 2023

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

6